UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00034-GNS-HBB

KRISTA H.                                                                                                           PLAINTIFF

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security Administration[1]                                           DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 21) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20).  The matter is ripe for adjudication.

## I.      BACKGROUND

On June 15, 2012, Plaintiff Krista N.[2] ("Plaintiff") was awarded disability benefits for the period of April 1, 2020, through December 31, 2011.  (Administrative R. 19, 113-25, DN 7 [hereinafter R.]).  On October 29, 2020, Plaintiff then filed a claim for disability insurance benefits for disability beginning on August 1, 2017, due to spinal stenosis, hypertension, osteoarthritis, degenerative disc-disease, anxiety, and depression.  (R. 19, 127, 153, 271-80, 295).  The application was denied at the initial and reconsideration stages.  (R. 19, 150, 152).  Thereafter, Plaintiff was granted a hearing before Administrative Law Judge Jennifer B. Thomas

---

[1] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security.  In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action.  *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).
[2] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

("ALJ"), which was held telephonically on February 10, 2022. (R. 19, 75). A supplemental hearing was held on April 27, 2022. (R. 19, 45).

On May 31, 2022, the ALJ issued an unfavorable decision, utilizing the five-step sequential process, concluding Plaintiff was not disabled since August 1, 2017, through the date of the decision. (R. 19-36). First, the ALJ noted that Plaintiff met the insured status requirement through December 31, 2022, and had not engaged in any substantial gainful activity since the alleged onset date of August 1, 2017. (R. 22). Next, the ALJ opined that Plaintiff had the severe impairments of obesity, neuropathy, degenerative disc disease of the lumbar spine, osteoarthritis, anxiety, and depression. (R. 22). The ALJ found that that Plaintiff's conditions of gastroesophageal reflux disease, ulcers, and diabetes mellitus were non-severe impairments. (R. 22-23). At the third step, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the impairments listed in Appendix 1. (R. 23).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a light work subject to additional limitations: (i) sitting for 30 minutes at a time and standing and/or walking for 30 minutes at a time, each for 6 hours total in an 8-hour workday; (ii) occasionally pushing/pulling with lower extremities; (iii) occasional climbing ramps and stairs, but never ladders, ropers, or scaffolds; (iv) occasionally stooping, kneeling, crouching, and crawling; (v) frequently handling and fingering with upper extremities; (vi) frequent reaching overhead and all around with the upper extremities; (vii) occasional exposure to concentrated atmospheric conditions as defined in the Dictionary of Occupational Titles and Selected Characteristics of Occupations; (viii) occasional exposure to vibrations but no exposure to moving mechanical parts or unprotected heights; (ix) can understand remember, and carryout simple instructions; (x)

can use judgment to make simple decisions; (xi) can sustain concentration, persistence, and pace for the completion of simple tasks; (xii) can have frequent interaction with coworkers, supervisors, and the public; and (xiii) can adjust to occasional changes in a simple work environment. (R. 25). The ALJ also found that she is unable to perform any past relevant work. (R. 34). Finally, after considering Plaintiff's RFC, age, education, and past work experience, the ALJ found that there are jobs that exist in significant numbers in the national economy which Plaintiff could perform. (R. 34-35). As a result, the ALJ determined that Plaintiff was not disabled since August 1, 2017, through the date of the decision. (R. 36).

Plaintiff requested and was denied review by the Appeals Council. (R. 4-7, 268-70). On November 18, 2022, Plaintiff initiated an action in this Court challenging the Commissioner's decision. (Compl., DN 1); *see* 42 U.S.C. § 405(g). Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R.") that the ALJ's decision should be affirmed. (R. & R. 20). Plaintiff timely objected, and Defendant responded to the objection. (Pl.'s Obj., DN 21; Def.'s Resp. Pl.'s Obj., DN 22).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following the filing of the recommendation, each party may object within fourteen days. *See id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to

accept, reject, or modify any findings or recommendations *de novo*. *See id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. **DISCUSSION**

In her objection, Plaintiff raises various issues regarding the opinion of Dr. Abraham Galloway ("Dr. Galloway), a treating physician. (Pl.'s Obj. 1-4). She contends that: (i) the ALJ failed to properly evaluate Dr. Galloway's opinion; (ii) the Magistrate Judge erred in finding that ALJ's determination that she was limited to light work was proper because that determination was not connected to Dr. Galloway's opinion; (iii) the ALJ failed to consider the supportability and consistency factors in evaluating the opinion of Dr. Galloway; (iv) the Magistrate Judge improperly applied post hac rationalization in reviewing the ALJ's decision; and (v) the

4

Magistrate Judge erred in criticizing "Dr. Galloway's opinion as check-box format . . . ." (Pl.'s Obj. 1-4).

The Court agrees with the Commissioner that the first issue raised by Plaintiff is a mischaracterization of the record because the Magistrate Judge addressed and rejected Plaintiff's contention that the ALJ failed to review sufficiently the MRI evidence in discounting Dr. Galloway's opinion. (Def.'s Resp. Pl.'s Obj. 2). As the R. & R. notes:

> Though in her explanation of Dr. Galloway's opinion the ALJ did not explicitly cite which MRI she was referring to, when the decision is read holistically, the ALJ's reasoning is clear as to how the MRI results are not consistent with Dr. Galloway's severe limitations. The ALJ explained that, though both the September 2020 and February 2021 MRI results did contain some abnormal results, both set of results should limit Plaintiff's RFC. By limiting the RFC based on the MRI results, a neurological consultant's review of the MRI, and the physical examination that found Plaintiff's mobility was not as severe as her complaints or Dr. Galloway's limitations, the undersigned finds that the ALJ sufficiently discussed why the medical evidence of the record supported a finding that Dr. Galloway's limitations were inconsistent with the evidence of the record.

(R. & R. 10 (internal footnote omitted)). The Magistrate Judge properly considered the ALJ's decision as a whole, and the objection is overruled on this basis. *See Miller v. Colvin*, No. 3:15-CV-294-DW, 2016 WL 154127, at *5 (W.D. Ky. Jan. 12, 2016) ("The hearing decision, when read as a whole, adequately sets forth why the ALJ chose to afford no weight to that determination.").

Similarly, as the quoted passage from the R. & R. reflects, the alleged error as to the finding that Plaintiff could not perform heavy or medium work but was instead limited to light work lacks merit. (Pl.'s Obj. 2-4). The ALJ discounted Dr. Galloway's opinion as being inconsistent with the MRI results, and the ALJ was not required to address the specific limitations on sitting, taking scheduled breaks, and missing work. *See Tyrian C. v. Kijakazi*, No.

5

3:21-CV-568-RGJ-CHL, 2023 WL 310179, at 7 (W.D. Ky. Jan. 3, 2023), *adopted sub nom*. 2013 WL 258357 (W.D. Ky. Jan. 18, 2023).

Plaintiff challenges the R. & R. on the basis that the ALJ failed to properly consider the factors of supportability and consistency in evaluating Dr. Galloway's opinion. (Pl.'s Obj. 2-4). This is an improper objection because it relates to the ALJ's decision, not the R. & R., and therefore undermines the purpose of the R. & R. *See Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This issue was raised to the Magistrate Judge and was properly considered. (Pl.'s Mem. Supp. Law/Fact Summ. 9-14, DN 14-1; R. & R. 6-12). Rehashing or reiterating an argument previously raised to the Magistrate Judge is not a proper objection under Fed. R. Civ. P. 72(b), and the Court will review the R. & R. only for clear error. *See Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002))).

In evaluating the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In short, supportability "refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source." *Chaney v. Kijakazi*, No. 5:21-CV-112, TBR, 2022 WL 3586213, at *3 (W.D. Ky. Aug. 22, 2022) (citations omitted). As the Magistrate Judge noted, the ALJ did consider this factor and noted that the ALJ

explained why Dr. Galloway's opinion was unpersuasive. (R. & R. 11-12 (citing R. 32-33)). Thus, the Magistrate Judge did not err in rejecting Plaintiff's argument.

As to the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The Magistrate Judge found that the ALJ had properly considered the consistency of Dr. Galloway's opinion in determining that his limitations were inconsistent with the evidence in the record and rejected Plaintiff's argument. (R. & R. 7-10 (citing R. 28, 29, 32-33)). Based on this Court's review, the Magistrate Judge did not err as to this issue as well.

Plaintiff also contends that the Magistrate Judge engaged in post hoc rationalization in recommending the affirmance of the ALJ's determination. (Pl.'s Obj. 4 (citing R. & R. 4)). Notwithstanding that this argument lacks any specifics, the Magistrate Judge was simply addressing Plaintiff's contention that the ALJ's decision was not supported by substantial evidence. Therefore, there is no error warranting rejection of the R. & R.

Finally, the Court agrees with Defendant that the R. & R. properly pointed out the check-box format of Dr. Galloway's proposed limitations. (Def.'s Resp. Pl.'s Obj. 5-6). While Plaintiff objects to the Magistrate Judge's criticism, that statement was made in the context of addressing the supportability factor and how check-box type opinions are considered unpersuasive in this circuit. (Pl.'s Obj. 4; R. & R. 11 (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 525 (6th Cir. 2014))). As stated above, the ALJ properly applied the supportability factor, and this alleged error in the R. & R. lacks merit.

For these reasons, Plaintiffs' objection is overruled in its entirety.

## V. CONCLUSION

For foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (DN 20) is **ADOPTED**, Plaintiff's Objection (DN 21) is **OVERRULED**, and the decision of the Commissioner is **AFFIRMED**. Judgment shall be entered in favor of the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 21, 2024

cc: counsel of record